**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JOSE GOMEZ-GOMEZ,

      Defendant - Appellant.

No. 98-4156
(D.C. No. 98-CR-89-W)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

---

Mr. Gomez-Gomez appeals his sentence after being convicted by a jury of reentering the United States after being deported, in violation of 8 U.S.C. § 1326. The district court increased his offense level by sixteen levels, pursuant to USSG § 2L1.2(b)(1)(A), because it found that he was previously deported after an aggravated felony conviction. Mr. Gomez-Gomez argues for the first time on

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

appeal that both convictions that the court relied upon were misdemeanors rather than felonies. His counsel, believing the appeal to be without merit, has filed an <u>Anders</u> brief, <u>see</u> <u>Anders v. California</u>, 386 U.S. 738, 744 (1967), and requested permission to withdraw. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 1342(a). We grant counsel's request and affirm.

The district court's determination that Mr. Gomez-Gomez was convicted of two felonies is a factual determination which we review for clear error, but we review the court's interpretation of the sentencing guidelines de novo. <u>See</u> <u>United States v. Wiseman</u>, No. 97-2301, 1999 WL 190553, at *21 (10th Cir. Apr. 5, 1999). The addendum to the presentence report indicates that for both offenses, Mr. Gomez-Gomez "was allowed the privilege of a reduction to a misdemeanor if he completed probation successfully." V R. Addendum at 1. However, because Mr. Gomez-Gomez was subsequently deported, the offenses were not reduced to misdemeanors. <u>See</u> <u>id.</u> Mr. Gomez-Gomez offers nothing to contradict these findings, and thus we conclude that the district court did not err in increasing his offense level pursuant to USSG § 2L1.2(b)(1)(A).

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge